RECEIVED

JUN - 4 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| LADY JEAN PRIER | CIVIL ACTION NO. 13-0794 |
| -vs- | JUDGE DRELL |
| UNITED STATES POSTAL SERVICE | MAGISTRATE JUDGE KIRK |

## RULING

Before the Court is Defendant United States Postal Service's Motion for Summary Judgment (Doc. 22). The time limits for responding have run, but no opposition has been submitted by Plaintiff, Lady Jean Prier. For the following reasons, the motion will be GRANTED.

### I.    Background

The facts in this case arise from a fall Plaintiff Lady Jean Prier claims to have experienced during a visit to a post office building in Mansura, Louisiana, on December 5, 2011. Ms. Prier was at the post office to check her mail, which was delivered to a post office box in the building. (Doc. 22-1). The post office was otherwise closed for the lunch hour. (Id.; Doc. 22-5). According to Ms. Prier's complaint, when she arrived at the post office, she "stepped on the rug and the next thing I remembered a white man and woman help [sic] me off the floor." (Doc. 1). Ms. Prier subsequently sued the United States Postal Service (USPS) because she "believe[s] there is liability." (Id.).

In her deposition of October 16, 2014, Ms. Prier stated that she did not trip on the rug. (Doc. 22-1). She also "did not observe any defects in the floor or rug." (Id.). And

although it was raining on the day in question, neither Ms. Prier nor a postmaster, Tessa Clark, who inspected the premises that day, noticed any water inside the post office. (Id.). In the same deposition, Ms. Prier informed the Government that she had on another occasion fallen at home (albeit four years prior) "for no reason." (Id.). This suit is against the United States Postal Service, an entity covered by the Federal Tort Claims Act (FTCA), the law under which Congress granted consent for the United States "to be sued for acts committed by any 'employee of the Government while acting within the scope of his office or employment.'" Linkous v. United States, 142 F.3d 271, 275 (5th Cir. 1998) (quoting 28 U.S.C. § 1346(b)); see also 39 U.S.C. § 409(c) (providing that tort claims arising out of "activities of the Postal Service" lie under the FTCA).  Jurisdiction is a threshold matter, without it we cannot further act.

## II.   Law and Analysis

### A.   Summary Judgment Standard

A court "shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  We consider all "evidence in the light most favorable to the party resisting the motion."  Trevino v. Celanese Corp., 701 F.2d 397, 407 (5th Cir. 1983).  When the nonmovant ultimately would bear the burden of proof at trial, however, the movant may satisfy its summary judgment burden by showing the absence of evidence in the record to establish an essential element of the nonmovant's case. Celotex Corp. v.

2

Catrett, 477 U.S. 317, 325 (1986).  It is important to note the standard for summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, *and* (2) the movant is entitled to judgment as a matter of law.

A court cannot grant summary judgment simply because the nonmoving party fails to oppose the motion, even if the failure to oppose violates a local rule. Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985).  The moving party "has the burden of establishing the absence of a genuine [dispute] of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." Id.  However, in this District, Local Rule 56.2 gives added direction when summary judgment is unopposed: "All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for the purposes of the motion, unless controverted as required by this rule."   Therefore, as there is no opposition to the current motion, all facts in the statement of material facts provided by USPS (Doc. 22-1) are deemed admitted for purposes of this Court's decision.

### B.    Premises Liability and the Federal Tort Claims Act

We previously adopted the test outlined by Judge Doherty to determine whether a claim under the Federal Tort Claims Act for general injury in conjunction with a premises is permissible.  That test requires that we determine whether the alleged unreasonable risk or unreasonably dangerous condition is:

> (1) caused by the negligent wrongful act or omission of a federal employee, or
> (2) . . . known to a government employee, yet he or she failed to act (i.e. a failure to warn of or correct the unreasonably dangerous condition.)

3

Longino v. U.S. Dept. Of Agriculture, 912 F. Supp. 2d 424, 428-29 (W.D. La. 2012) (quoting

Janice v. United States, 2008 WL 269530 at *6 (W.D. La. Jan. 29, 2008).  Conversely, if a

plaintiff brings an action "based purely upon some inherent quality of the premises of

which no government employee is aware," that claim cannot lie under the FTCA, and a

federal court has no jurisdiction to hear the case. Janice, 2008 WL 269530 at *6.

When a federal court does have jurisdiction to hear an FTCA claim, the law of the

state in which the alleged negligent act or omission occurs is the law that is applied.

Hannah v. United States, 523 F.3d 597, 601 (5th Cir. 2008).  In Louisiana, in order to prove

that a public entity is liable for "damages caused by a thing," a plaintiff must prove:

> (1) custody or ownership of the defective thing by the public entity; (2) the
> defect created an unreasonable risk of harm; (3) the public entity had actual
> or constructive notice of the defect; (4) the public entity failed to take
> corrective action within a reasonable time; and (5) causation.

Chambers v. Village of Moreauville, 85 So. 3d 593, 597 (La. 2012).

In this case, we need not reach the substantive elements, for we find that the

Defendant has met its burden in showing that there is no evidence in the record to

establish an essential jurisdictional element of Ms. Prier's claim.  Ms. Prier has produced

no evidence to show that any employee of the USPS committed a negligent or wrongful

act or omission that caused an unreasonably dangerous condition, and she has not shown

that a government employee knew of an unreasonable condition yet failed to act.  The only

evidence in the record regarding the activities of any employee of the USPS is  an affidavit

of Tess Clark, the postmaster at the Mansura post office, in which she states that she

made general inspections of the premises both before and after the lunch hour during

which Ms. Prier's fall occurred, and noticed no water or other irregularities. (Doc. 22-6).

Moreover, Ms. Prier herself has made no suggestion of a wet floor or other dangerous condition. She simply argues her belief that there is liability on the part of the post office. (Doc. 1). This court has no jurisdiction to hear this case in the absence of evidence of liability on the part of an employee of the USPS.

## III.   Conclusion

For the foregoing reasons, Defendant United States Postal Service's Motion for Summary Judgment (Doc. 22) is **GRANTED**. This suit will be **DISMISSED WITH PREJUDICE**.

SIGNED on this 4 day of June, 2015 at Alexandria, Louisiana.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

5